Filed 5/5/14  P. v. Martin CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B251666 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA037711) |
| v. | |
| RUSSELL MARTIN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Affirmed.

California Appellate Project, Jonathan B. Steiner and Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

——————————

Defendant and appellant, Russell Martin, appeals from the trial court's order denying his petition requesting recall of his sentence and resentencing pursuant to Penal Code section 1170.126.[1] We affirm the trial court's order.[2]

## FACTUAL AND PROCEDURAL BACKGROUND

On or about June 3, 1988, Martin was convicted of involuntary manslaughter by an unlawful act (§ 192, subd. (b)). The abstract of judgment in the matter indicates Martin personally used a firearm during the commission of the offense pursuant to section 12022.5, making it both a violent and serious felony (§§ 667, subd. (a)(1), 1192.7, subd. (c)(8)). On August 23, 1990, Martin suffered convictions for the serious felonies (§ 667, subd. (a)(1)) of robbery (§ 211) and first degree burglary (§ 459). Martin was again convicted of a crime on November 13, 1997. On that day, a jury found him guilty of assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(1)), during the commission of which he inflicted great bodily injury upon the victim (§ 12022.7, subd. (a)). According to Martin, he was sentenced for the offense as a third strike offender to 43 years to life in prison (§ 667, subds. (b)-(i); § 1170.12, subds. (a)-(d)).

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

[2]     The question whether the trial court's denial of a defendant's section 1170.126 petition is an appealable order is currently pending before the California Supreme Court. (See *People v. Hurtado* (2013) 216 Cal.App.4th 941, review granted July 31, 2013, S212017 [order is appealable]; *Teal v. Superior Court* (2013) 217 Cal.App.4th 308, review granted July 31, 2013, S211708 [order must be challenged by petition for writ].)

On August 5, 2013, Martin, acting in propria persona, sent to the Los Angeles County Superior Court a "PETITION FOR RECALL OF SENTENCE (. . . § 1170.126); And MOTION FOR APPOINTMENT OF COUNSEL." In his petition, Martin requested the trial court to resentence him pursuant to section 1170.126, which became effective November 7, 2012, after the voters enacted Proposition 36.[3] Martin asserted the felony of which he had been found guilty, assault by means of force likely to produce great bodily injury, during which he inflicted great bodily injury on the victim, could not be considered a serious or violent felony unless the jury had found he had specifically intended to inflict great bodily injury. In making this argument, Martin relied on section 1170.12, subdivision (c)(2)(C)(iii), which provides that if a defendant has previously been convicted of two or more serious or violent felonies, but his or her current felony is not a serious or violent felony within the meaning of section 667.5, subdivision (c) or section 1192.7, subdivision (c), the People must prove the defendant intended to inflict great bodily injury before he or she may be sentenced as a third striker.

In response to Martin's petition, on August 15, 2013, the Superior Court, Judge William C. Ryan, filed a "MEMORANDUM OF DECISION." The memorandum,

---

[3]  Section 1170.126 provides in relevant part: "(e) An inmate is eligible for resentencing if: [¶] (1) The inmate is serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or subdivision (c) of Section 1170.12[, the Three Strikes law,] for a conviction of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7." Subdivision (c)(8) of section 667.5 includes as a " 'violent felony,' " "[a]ny felony in which the defendant inflicts great bodily injury on any person other than an accomplice which has been charged and proved as provided for in Section 12022.7."

which was issued "at chambers," stated: "Petition for Recall of Sentence Pursuant to . . . § 1170.126 by Russell Martin ('Defendant'), *pro se* [original italics]. No appearance by a respondent. Petition denied with prejudice. [¶] The Court has read and considered the petition for recall of sentence pursuant to . . . section 1170.126 filed by Defendant on August 13, 2013. [¶] Defendant's current conviction is for assault by means of force likely to produce great bodily injury ( . . . section 245[, subdivision] (a)(1)). The jury also found as true the allegation that in committing the assault, the Defendant inflicted great bodily injury ( . . . section 12022.7).[4] The [great bodily injury] enhancement makes the assault a violent felony pursuant to . . . section 667.5[, subdivision] (c)(8), which makes Defendant ineligible for resentencing pursuant to . . . section 1170.126[, subdivision] (e)(1). [¶] For the foregoing reason, the petition for recall of sentence pursuant to . . . section 1170.126 is DENIED WITH PREJUDICE. [¶] The Clerk is ordered to serve a copy of this decision upon Defendant and upon the Office of the District Attorney, Appellate Division."

Martin filed a timely notice of appeal from the trial court's decision on September 25, 2013.

---

[4] Section 12022.7 provides in relevant part: "(a) Any person who personally inflicts great bodily injury on any person other than an accomplice in the commission of a felony or attempted felony shall be punished by an additional and consecutive term of imprisonment in the state prison . . . ." Section 12022.7 makes no mention of a defendant's intent to inflict great bodily injury.

## CONTENTS

After examination of the record, appointed appellate counsel filed an opening brief which raised no issues and requested this court to conduct an independent review of the record. By notice filed December 10, 2013, the clerk of this court advised Martin to submit within 30 days any contentions, grounds of appeal or arguments he wished this court to consider. Although this court granted Martin's request for an extension of time within which to file a supplemental brief to March 25, 2014, no letter or brief has been received to date.

## REVIEW ON APPEAL

We have examined the entire record and are satisfied counsel has complied fully with counsel's responsibilities. (*Smith v. Robbins* (2000) 528 U.S. 259, 278-284; *People v. Wende* (1979) 25 Cal.3d 436, 443.)

## DISPOSITION

The trial court's order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


CROSKEY, J.

We concur:


KLEIN, P. J.                                    ALDRICH, J.